**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL ANDRADE-MENDOZA,

    Petitioner,           3:15-cv-00280-HDM-WGC

vs.

                  **ORDER**

ISIDRO BACA, *et al.*,

    Respondents.

_____/

  This action is a petition for writ of habeas corpus by Daniel Andrade-Mendoza, a Nevada prisoner. The court received Andrade-Mendoza's habeas petition, with an application to proceed *in forma pauperis*, on May 26, 2015 (ECF No. 1). On May 28, 2015, the court denied the application to proceed *in forma pauperis*, and ordered Andrade-Mendoza to pay the $5 filing fee for the action (ECF No. 3).

  On July 2, 2015, Andrade-Mendoza filed a "Motion to Amend Order to Deny Motion to Proceed *in Forma Pauperis*" (ECF No. 4). In that motion, Andrade-Mendoza informs the court that he no longer has sufficient funds available to pay the filing fee, and he again requests leave of court to proceed *in forma pauperis*. Based on the representations in Andrade-Mendoza's July 2 filing, the court finds that Andrade-Mendoza qualifies for *in forma pauperis* status. The court will grant Andrade-Mendoza's July 2 motion, and will grant Andrade-Mendoza leave of court to proceed *in forma pauperis*.

1   The court has examined Andrade-Mendoza's habeas corpus petition, pursuant to Rule 4 of
2   the Rules Governing Section 2254 Cases in the United States District Courts.  The petition appears
3   to be defective, because Andrade-Mendoza has not exhausted, in state court, any claim cognizable in
4   this federal habeas corpus action.  Therefore, the court will order Andrade-Mendoza to show cause
5   why this action should not be dismissed.
6   Andrade-Mendoza's petition challenges a conviction and sentence for trafficking in a
7   controlled substance entered against him on February 18, 2009, in Nevada's First Judicial District
8   Court.  *See* Petition for Writ of Habeas Corpus, pp. 1-2.  The petition states that Andrade-Mendoza
9   was sentenced to 10 to 25 years in prison, and a $5000 fine.  *See id*. at 2.  The petition asserts three
10  grounds for habeas corpus relief.  *See id*. at 3-8.
11  Andrade-Mendoza's petition shows plainly that he has not exhausted available state-court
12  remedies with respect to any federal-law claim asserted in his habeas petition.
13  The petition indicates that Andrade-Mendoza appealed his conviction to the Nevada Supreme
14  Court, and that appeal was completed on September 4, 2009.  *See* Petition for Writ of Habeas
15  Corpus, p. 1.  Andrade-Mendoza has filed, as an attachment to his habeas petition in this case,
16  a copy of the Fast-Track Statement he filed on his appeal to the Nevada Supreme Court.  That
17  document, however, reflects that Andrade-Mendoza asserted only one claim on his appeal:  that
18  "[t]he district court abused its discretion by failing to grant appellant a reduced sentence pursuant to
19  NRS 453.3405(2) in consideration of his substantial assistance to law enforcement."  Fast-Track
20  Statement, attached to Petition for Writ of Habeas Corpus, p. 5.  Andrade-Mendoza has also filed,
21  as an attachment to his habeas petition in this action, a copy of the Nevada Supreme Court's
22  September 4, 2009, Order of Affirmance.  In that order, the Nevada Supreme Court held as follows
23  regarding the one claim made by Andrade-Mendoza:  "Having considered the parties' arguments
24  and the record provided on appeal, we conclude that the district court did not abuse its discretion
25  by determining that Andrade-Mendoza did not provide substantial assistance pursuant to
26  NRS 453.3405(2) and was not entitled to a sentence reduction...."  Order of Affirmance, attached to

Petition for Writ of Habeas Corpus, p. 2.  It is clear, then, that, on his direct appeal, Andrade-Mendoza did not exhaust any claim of a violation of federal law cognizable in this federal habeas corpus action.

Federal habeas corpus relief is available to state prisoners only to correct violations of the United States Constitution, federal laws, or treaties of the United States; federal habeas corpus relief is not available to correct alleged state-law errors.  *See* 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. ___, ___, 131 S.Ct. 13, 16 (2010) (per curiam); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Andrade-Mendoza states that he filed a post-conviction petition for writ of habeas corpus in the state district court on May 6, 2010, and he has provided, as an attachment to his habeas corpus petition in this action, a copy of that petition.  *See* Petition for Writ of Habeas Corpus, p. 1.  However, Andrade-Mendoza states that he has not appealed from the denial of that petition.  *See id*.  It appears that Andrade-Mendoza's state post-conviction litigation remains pending in the state district court.  Therefore, Mendoza has not exhausted, in his state post-conviction litigation, any claim of a violation of federal law cognizable in this federal habeas corpus action.

A federal court may not grant habeas corpus relief on a claim not exhausted in state court.  28 U.S.C. § 2254(b).  The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations.  *See Picard v. Conner*, 404 U.S. 270, 275 (1971).  To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it.  *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

The court will grant Andrade-Mendoza an opportunity to show cause why this action should not be dismissed on account of his failure to exhaust in state court any claim cognizable in this federal habeas corpus action.  If Andrade-Mendoza fails, within the time allowed, to make a prima facie showing that he has exhausted, in state court, one or more claims cognizable in this action, this case will be dismissed.  *See Rose v. Lundy*, 455 U.S. 509 (1982).

If Andrade-Mendoza is able to make the prima facie showing required by this order, the court will then screen the petition with regard to whether he states any claims that are not plainly meritless.

**IT IS THEREFORE ORDERED** that petitioner's "Motion to Amend Order to Deny Motion to Proceed *in Forma Pauperis*" (ECF No. 4) is **GRANTED**. Petitioner is granted leave of court to proceed *in forma pauperis*. Petitioner need not pay the $5 filing fee for this action.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall separately file the petition for writ of habeas corpus, which is currently attached as an exhibit to the application to proceed *in forma pauperis*, at ECF No. 1.

**IT IS FURTHER ORDERED** that the petitioner shall have **45 days** from the date of entry of this order to show cause why the court should not dismiss this action, as explained above. Failure to respond to this order within the time allowed, or failure to make the required prima facie showing, will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that the clerk of the court shall add Adam Paul Laxalt, Attorney General of the State of Nevada, as counsel for respondents.

**IT IS FURTHER ORDERED** that the clerk of the court shall electronically serve upon respondents a copy of the habeas corpus petition in this case, and a copy of this order. Respondents' counsel shall enter a notice of appearance within **20 days** of the entry of this order, but need take no further action in this case unless and until the court so orders.

Dated this 16th day of July, 2015.

_____
UNITED STATES DISTRICT JUDGE