UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DANIEL ANDRADE-MENDOZA,

    Petitioner,                                               3:15-cv-00280-HDM-WGC

vs.

                                                        **ORDER**

ISIDRO BACA, *et al.*,

    Respondents.

_____/

In this habeas corpus action, on July 16, 2015, the court ordered that it had examined the habeas corpus petition of the petitioner, Daniel Andrade-Mendoza, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and found it to be defective, in that Andrade-Mendoza has not exhausted, in state court, any claim cognizable in this federal habeas corpus action. *See* Order entered July 16, 2015 (ECF No. 5). The court granted Andrade-Mendoza 45 days -- to August 31, 2015 -- to show cause why this action should not be dismissed. *See id*.

On August 12, 2015, Andrade-Mendoza filed a response to the order to show cause (ECF No. 9), and a motion for appointment of counsel (ECF No. 8).

Andrade-Mendoza's response to the order to show cause fails to show that he has exhausted in state court any claim that might be cognizable in this federal habeas corpus action. Evidently, no such claim was exhausted on his direct appeal, and his first state habeas action remains pending in the state district court.

1  Andrade-Mendoza complains that his appellate counsel was ineffective in not raising any
2  federal constitutional claims on his direct appeal. However, any claim of ineffective assistance of
3  appellate counsel must be exhausted in Andrade-Mendoza's state habeas action, which remains
4  pending, before he may assert such a claim in a federal habeas corpus action.

5  Andrade-Mendoza requests that this federal action be stayed, apparently pending the
6  completion of his state habeas action. In some cases, a federal district court may permit the filing of
7  a federal habeas petition even though it contains no claims exhausted in state court. *See Pace v.*
8  *DiGuglielmo*, 544 U.S. 408, 416 (2005); *Bonner v. Carey*, 425 F.3d 1145, 1149 n.20 (9th Cir.2005).
9  In *Pace*, the Supreme Court stated that a petitioner might file "a 'protective' petition in federal court
10 and [ask] the federal court to stay and abey the federal habeas proceeding until state remedies are
11 exhausted." *Pace*, 544 U.S. at 416. "A petitioner's reasonable confusion about whether a state filing
12 would be timely will ordinarily constitute "good cause" for him to file in federal court." *Id*. In this
13 case, however, there is no showing of any reason for confusion regarding the timeliness of Andrade-
14 Mendoza's pending state habeas action. Andrade-Mendoza's federal habeas petition simply appears
15 to be premature. There is no showing of good cause for a stay of this action.

16  **IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice.

17  **IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel
18 (ECF No. 8) is **DENIED** as moot.

19  **IT IS FURTHER ORDERED** that petitioner is denied a certificate of appealability.

20  **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

21  Dated this 23rd day of September, 2015.

22
23  _____
     UNITED STATES DISTRICT JUDGE