1

2

3

4

5                           **UNITED STATES DISTRICT COURT**

6                                **DISTRICT OF NEVADA**

7

8   DANIEL ANDRADE-MENDOZA,

9          Petitioner,                                    3:15-cv-00280-HDM-WGC

10   vs.
                                                          **ORDER**
11   ISIDRO BACA, *et al.*,

12          Respondents.

13   _____/

14

15          On July 16, 2015, the court ordered that it had examined the habeas corpus petition of the

16   petitioner, Daniel Andrade-Mendoza, pursuant to Rule 4 of the Rules Governing Section 2254 Cases

17   in the United States District Courts, and found it to be defective, in that Andrade-Mendoza has not

18   exhausted, in state court, any claim cognizable in this federal habeas corpus action. *See* Order

19   entered July 16, 2015 (ECF No. 5). The court granted Andrade-Mendoza an opportunity to show

20   cause why this action should not be dismissed. *See id*.

21          On August 12, 2015, Andrade-Mendoza filed a response to the order to show cause

22   (ECF No. 9), and a motion for appointment of counsel (ECF No. 8).

23          On September 23, 2015, the court ruled that Andrade-Mendoza did not show cause why this

24   case should not be dismissed. *See* Order entered September 23, 2015 (ECF No. 10). The court

25   denied the motion for appointment of counsel, dismissed this action without prejudice, and denied

26   Andrade-Mendoza a certificate of appealability. *See id*.; *see also* Judgment (ECF No. 11).

1    Andrade-Mendoza's response to the order to show cause failed to show that he has exhausted

2 in state court any claim that might be cognizable in this federal habeas corpus action.  No such claim

3 was exhausted on his direct appeal, and his first state habeas action remains pending in the state

4 district court.

5    Andrade-Mendoza complained that his appellate counsel was ineffective in not raising any

6 federal constitutional claims on his direct appeal, but, as the court stated in its September 23 order,

7 any claim of ineffective assistance of appellate counsel must be exhausted in Andrade-Mendoza's

8 state habeas action, which remains pending, before he may assert such a claim in a federal habeas

9 corpus action.

10    Andrade-Mendoza requested that this federal action be stayed.  In some cases a federal

11 district court may permit the filing of a federal habeas petition even though it contains no claims

12 exhausted in state court.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *Bonner v. Carey*, 425

13 F.3d 1145, 1149 n.20 (9th Cir.2005).  In *Pace*, the Supreme Court stated that a petitioner might file

14 "a 'protective' petition in federal court and [ask] the federal court to stay and abey the federal habeas

15 proceeding until state remedies are exhausted."  *Pace*, 544 U.S. at 416.  "A petitioner's reasonable

16 confusion about whether a state filing would be timely will ordinarily constitute "good cause" for

17 him to file in federal court."  *Id*.  In the September 23 order, the court found that there is no showing

18 of any reason for confusion regarding the timeliness of Andrade-Mendoza's pending state habeas

19 action.  The court stated that Andrade-Mendoza's federal habeas petition simply appears to be

20 premature, and there is no showing of good cause for a stay of this action.  *See* Order entered

21 September 23, 2015 (ECF No. 10).

22    On October 1, 2015, Andrade-Mendoza filed a "Motion to Reconsider, Rule 8(e), Rule 11(e),

23 or, in Alternative, Motion to Make Additional Findings, Rule 52(b)" (ECF No. 12).  Respondents

24 filed an opposition to the motion for reconsideration on October 6, 2015 (#13).  Andrade-Mendoza

25 filed a reply on October 15, 2015 (ECF No. 14).

26    On October 21, 2015, Andrade-Mendoza filed a notice of appeal (ECF No. 15).

1        The court construes Andrade-Mendoza's October 1, 2015, motion as a motion for

2    reconsideration, made pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), and denies it.

3    Andrade-Mendoza's claims remain wholly unexhausted.  He does not show there to be an "absence

4    of available State corrective process," or "circumstances ... that render such process ineffective to

5    protect" his rights.  *See* 28 U.S.C. § 2254 (b)(1)(B).  Andrade-Mendoza had a direct appeal, in which

6    he did not exhaust any claim cognizable in this federal habeas corpus action, and he is currently

7    litigating a state habeas corpus action.  Andrade-Mendoza has shown no cause for reconsideration of

8    the September 23, 2015, order, and judgment.

9        **IT IS THEREFORE ORDERED** that petitioner's "Motion to Reconsider, Rule 8(e), Rule

10   11(e), or, in Alternative, Motion to Make Additional Findings, Rule 52(b)" (ECF No. 12) is

11   **DENIED**.

12        Dated this 22nd day of October, 2015.

13

14                          _____
                                UNITED STATES DISTRICT JUDGE
15

16

17

18

19

20

21

22

23

24

25

26